## E. E. Willard, Plff. in Err., *v.* C. R. Earley.

A tenant cannot repudiate his landlord's title and afterward set up the lease, in order to protect himself from the consequences of his own act.

In ejectment by a landlord against the tenant, after the tenant's disclaimer of the landlord's title, it is no defense that the term specified in the lease has not expired.

(Argued May 2, 1888. Decided May 25, 1888.)

January Term, 1888, No. 120, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Er-

NOTE.—See also Clark v. Everly, 8 Watts & S. 226. If the question of title is raised in proceedings under the act of April 3, 1830, to obtain possession of the premises because of nonpayment of rent, the jurisdiction of the magistrate and the court of common pleas is ousted. Mohan v. Butler, 112 Pa. 590, 4 Atl. 47, and cases cited. In such case the lessee is entitled to have his rights determined in an action of ejectment.

ror to the Common Pleas of Elk County to review a judgment on a verdict for the plaintiff in an action of ejectment. Affirmed.

At the trial before MAYER, P. J., the following facts appeared:

In 1874 C. R. Earley became owner of the land described in the præcipe. He went into actual possession soon after. First, he leased to one Parsons and then to one Fannon. At the expiration of Fannon's term and about October, 1877, Willard went into possession under a verbal lease from Earley to hold from month to month at a monthly rental of $8 until Earley should make an addition to the dwelling-house, and then the rental was to be increased to $15 per month. Earley built a large addition to the house while Willard was in possession, and then the rental was increased to $15 per month, in accordance with the terms of the original lease.

December 15, 1885, Earley served notice on Willard to quit and deliver up possession of the premises at the end of his current term. At the time and immediately after the notice was served, Willard replied to the agent or attorney, who gave him the written notice: "It does not make any difference to me; I am not in here under him; I am in here under another man." Earley treated this as a disclaimer and adverse claim, and January 15, 1886, brought ejectment to regain possession of the premises.

The plaintiff deduced title to warrant No. 4868 from the commonwealth to Wilhelm Willink, Nicholas Von Staphorst, Christian Van Eighen, Peter Stadnitski, Hendrick Vollenhoven, and Rutger J. Schimmelpenninck. This was followed by giving in evidence letters of attorney from Rutger J. Schimmelpenninck to Jacob Von Staphorst, dated October 4, 1802, authorizing him to sell and convey land, and to appoint an attorney for that purpose, and by giving in evidence a power of attorney from Wilhelm Willink, Hendrick Vollenhoven, and from Rutger Schimmelpenninck, by Jacob Von Staphorst, his attorney, to Paul Busti. This was followed by a deed dated March 2, 1812, from Paul Busti, attorney in fact, to Cooper and Ogden, purporting to convey, *inter alia,* the whole of warrant No. 4868.

From Cooper and Ogden there was a complete chain shown, vesting the title to the whole of warrant No. 4868 in John J.

Ridgway. The plaintiff then gave in evidence a deed from J. J. Ridgway, by his attorney in fact, W. J. Colegrove, to J. C. Chapin, for lots Nos. 19, 20, 21, and 22, in the town of Ridgway. This deed was given in evidence as one link in plaintiff's chain of title, and as part of warrant No. 4868.

Title to the land described in the præcipe was then traced from Chapin to Earley.

It was not disputed on the part of the defendant that said lots were a part of said warrant, but it was contended that the location of the lots in the warrant should have been more clearly shown, notwithstanding the question of location was not raised on the trial.

The defendant gave no evidence but submitted the following points:

1. The notice to quit the premises at the expiration of the current term, given by the plaintiff to the defendant, is a recognition by the plaintiff of an existing tenancy, which, under the evidence of the plaintiff himself, expires in the month of October following; that the notice being given on the 15th day of December, 1885, and this suit being brought on the 15th day of January, 1886, the suit was prematurely brought and the plaintiff cannot recover.

*Ans.* Refused. [2]

2. There is no evidence connecting the premises in the possession of the defendant with the premises to which plaintiff has endeavored to show title in John J. Ridgway, and the plaintiff cannot recover.

*Ans.* Refused. [3]

3. Under any circumstances the plaintiff could only recover the undivided one half of said property, as he has failed to show any title from Nicholas Von Staphorst, Christian Van Eighen, and Peter Stadnitski, three of the patentees.

*Ans.* Refused. [4]

The court charged: "In this case there are no facts for the jury; it is purely a question of law for the court; and we will direct a verdict for the plaintiff." [1]

Verdict and judgment were accordingly for the plaintiff.

The assignments of error specified the action of the court below: (1) In directing a verdict for the plaintiff; and (2–4) in refusing the defendant's points.

*George A. Rathbun* and *Harry Alvan Hall,* for plaintiff in error.—If there was such a disclaimer of the tenancy as would work a forfeiture of the lease, the landlord might proceed at once by an action of ejectment.

But a disclaimer by a tenant will work a forfeiture, only when it amounts to a renunciation of his character as a tenant, which may be either by setting up a title in another, or claiming title in himself.   3 Washb. Real Prop. § 508.

There is no evidence in this case that the tenant set up an adverse title in anyone.   He merely says that he is there under another, but he sets up no title whatever in that other.

In Sheaffer v. Eakman, 56 Pa. 144, the tenant refused to permit the property to be assessed in the name of his landlord, and directed it to be assessed in the name of another, saying it belonged to that other; but his Honor Judge STRONG, in his opinion delivered in that case, characterized this as a declaration much less than a surrender.

If a lessor bring ejectment against his tenant, it is an election to treat the latter as a disseisor.   Koons v. Steele, 19 Pa. 203.

There are various circumstances under which a tenant may impeach his landlord's title, and the landlord may then bring ejectment at once.   "But this is a disclaimer of the lease by the landlord, who cannot thereafter take an advantage of the tenancy."   3 Washb. Real Prop. § 508.

If the plaintiff in ejectment claims both on the original title and by virtue of a lease from him to the defendant, it is competent to the defendant to defend on both grounds.   Miller v. M'Brier, 14 Serg. & R. 382.

*Charles Earley* and *Rufus Lucore,* for defendant in error.— A tenant by disclaiming to hold under the lease becomes a trespasser, and is not entitled to notice to quit.   This principle rests upon considerations of public policy.   If the rule were otherwise, no person would be safe in parting with the possession of land, as he might be driven to the necessity of making out a complete chain of title before he could regain the possession.   The act is conclusive on the tenant.   He cannot revoke his disclaimer and adverse claim, so as to protect himself during the unexpired time of the lease.   Willison v. Watkins, 3 Pet. 43, 7 L. ed. 596 · Walden v. Bodley, 14 Pet. 156, 10 L. ed. 398; Woodward v. Brown, 13 Pet. 1, 10 L. ed. 31; Newman v. Rutter, 8 Watts. 51.

The words· of Willard at the time notice to quit was served on him amounted to a disclaimer. Tyler, Ejectment, 224; Doe ex dem. Bennett v. Long, 9 Car. & P. 773; Doe ex dem. Grubb v. Grubb, 10 Barn. & C. 816.

But conceding that Willard was entitled to notice to quit and deliver up possession, he did have the notice to which the law entitled him.

The letting was by parol for a·certain sum per month, without anything being said about a year. Such a letting constitutes a lease from month to month, and such a tenant is not entitled to three months' notice to quit; a month's notice to quit is sufficient. Hollis v. Burns, 100 Pa. 206, 45 Am. Rep. 379.

A letting for a specific sum per month will, without more, create a tenancy from month to month; and in such case a month's notice to quit is sufficient to terminate the tenancy. Wall v. Ullman, 2 Chester Co. Rep. 178.

In the case in hand, the notice was served December 15, 1885, and the suit was brought January 15, 1886. Therefore, in any view of the case, the plaintiff had a complete right of action at the time he brought suit.

The first objection that is raised to the title of Earley is that the deed of Paul Busti to Cooper and Ogden, dated March 2, 1812, for warrant No. 4868, although it purports to convey the whole warrant, did in fact pass the title to an undivided one half only.

After the lapse of seventy-six years the presumption is that the title to the whole warrant passed to Cooper and Ogden. Perry, Trusts, § 866.

The second objection is that the land described in the præcipe was not shown to be part of warrant No. 4868.

Title to warrant No. 4868 was deduced from the commonwealth to Ridgway. A deed was then given in evidence from Ridgway to Chapin for lots 19, 20, 21, and 22, in the town of Ridgway. This deed was offered as one link in the chain of Earley's title. It was also offered as conveying part of warrant No. 4868. It was not disputed that the lots aforesaid were part of said warrant nor is it now disputed.

Prima facie, then, these lots were in warrant No. 4868, and as the defendant gave no evidence this is sufficient for the plaintiff's case.

A mere intruder cannot enter on a person actually seised

and eject him and then question his title or set up an outstanding title in another. The maxim that the plaintiff must recover on the strength of his own title and not on the weakness of defendant's is applicable to all actions for the recovery of property. But if the plaintiff had prior possession of the land, this is strong enough to enable him to recover it from a mere trespasser. Christy v. Scott, 14 How. 282, 14 L. ed. 422; Kline v. Johnston, 24 Pa. 72; Turner v. Reynolds, 23 Pa. 199; Shumway v. Phillips, 22 Pa. 151.

PER CURIAM:

Clearly, the defendant disclaimed the title of his landlord, and claimed to hold the premises under another; in other words, he claimed adversely to his lessor. From this, on all authority, it follows that this suit was well brought and properly determined in the court below. A tenant cannot repudiate his landlord's title, and afterwards set up the lease, in order to protect himself from the consequences of his own act.

The judgment is affirmed.